UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH LEE VAN PATTEN
and JOHN ALLEN ECCLES,

        Plaintiffs,

v.                                                   Case No. 07-C-0788

RANDALL WRIGHT, STEPHEN P. BURROUGHS,
CHRISTINE MARIE SKRINSKA, and DR. BUTLER,

        Defendants.

## DECISION AND ORDER

Plaintiffs, Joseph Lee Van Patten and John Allen Eccles, filed this joint *pro se* civil rights action under 42 U.S.C. § 1983. This matter comes before the court on the plaintiffs' petitions to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), each plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See also Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004)(when proceeding *in forma pauperis*, one filing fee per plaintiff is required). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the

average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, each plaintiff has submitted a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. Plaintiff Van Patten has been assessed and paid an initial partial filing fee of $2.00. Plaintiff Eccles has been assessed and paid an initial partial filing fee of $8.10.[2] Thus, the plaintiffs' petitions to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

[2] To date, plaintiff Eccles has paid $18.20 of the $355.00 filing fee.

synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiffs to plead specific facts; their statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that the plaintiffs do not have a claim, the complaint should be dismissed "without further ado." *Id*. at 970.

To state a claim for relief under 42 U.S.C. § 1983, the plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiffs' *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## A. Background

At all times relevant, plaintiffs Van Patten and Eccles were incarcerated at the Shawano County Jail. Defendant Christine Marie Skrinska is a nurse employed at the jail. Defendant Dr. Butler is a physician who provides medical treatment to jail inmates. The complaint also names Stephen P. Burroughs and Randall Wright as defendants, who appear to be jail officials, although the complaint does not explicitly state so.

The plaintiffs assert that, on various dates in 2007, they were subjected to "constant abusive denial of medical care and medications" in violation of the Eighth Amendment. (Complaint at 3). With respect to plaintiff Eccles, who was admitted to the jail on May 31, 2007, he alleges that jail officials neglected to provide him with adequate medical care for several medical conditions that he experienced prior to his incarceration. Specifically, Eccles entered the jail with a broken left wrist in a cast and he suffers from bipolar disorder and epilepsy.

At the time of his arrival at the jail, Eccles was taking several medications that had been prescribed for him by his personal physician. However, upon booking, defendants Skrinska and Butler seized all of Eccles' medications. As a result, Eccles suffered minor epileptic seizures, severe depression and pain in his wrist.

Plaintiff Eccles wrote more than 80 complaints to jail officials requesting medical care. Eventually, he was allowed one visit with his primary doctor, who determined that specialized orthopedic surgery was necessary. The defendants, however, refused to provide Eccles with the surgery because it was not ordered by

a jail physician. According to plaintiff Eccles, he notified all the defendants that he suffered from several medical conditions and that he considered their failure to provide him with medical care a violation of his constitutional rights.

For his part, plaintiff Van Patten avers that he was denied medical care for several days after he was badly bitten by insects in the G-pod unit. Instead of providing him with prompt medical care, defendant Skrinska told Van Patten to clean the pod in the morning.

Plaintiff Van Patten further asserts that he was denied medication and medical treatment for his heart condition, hypertension and high blood pressure. Defendant Skrinska told Van Patten that his prescriptions from other doctors would not be honored at the jail and that he would have to pay $10.00 to see the doctor to receive medication. In the alternative, defendant Skrinska told Van Patten that she could evaluate him and order treatment.

Plaintiff Van Patten also alleges that he has been denied dentures for over 19 months. Defendants Burroughs and Wright told Van Patten that he would have to pay $2,500.00 if he wanted to see a dentist. Additionally, Van Patten was informed that he would be required to pay for each deputy who accompanied him to the dentist. Van Patten avers that he bleeds daily and receives excessive cuts to his mouth as a result of being denied dentures.

**B.     Analysis**

The plaintiffs allege that they were denied adequate medical and dental care in violation of the Eighth Amendment.³  To establish liability under the Eighth Amendment, a plaintiff must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)).⁴  A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.  Neither negligence nor even gross negligence is a sufficient basis for liability.  *See Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991).

In the present case, plaintiff Eccles asserts that he suffered from several serious medical conditions and the defendants refused to provide him with adequate

---

³Inasmuch as the plaintiffs are incarcerated at the Shawano County Jail, it appears that they are pretrial detainees and, therefore, any medical and dental care claims would arise under the Fourteenth Amendment as opposed to the Eighth Amendment.  This distinction is immaterial, however, because Eighth and Fourteenth Amendment conditions of confinement claims are analyzed under the same legal standard. *See Whiting v. Marathon Co. Sheriff's Dep't,* 382 F.3d 700, 703 (7th Cir. 2004) ("the legal standard for a § 1983 claim is the same under either the Cruel and Unusual Punishment Clause of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment.").  Therefore, the court will analyze the plaintiffs' claims under the Eighth Amendment.

⁴The Court of Appeals for the Seventh Circuit has held that a dental condition may be considered a serious medical need.  *See Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005).

care. Similarly, plaintiff Van Patten alleges that his medical and dental needs were not sufficiently treated. Therefore, the plaintiffs may proceed with their Eighth Amendment claims as stated herein.

With respect to multiple claim lawsuits filed by state prisoners, the Seventh Circuit recently held that "[u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, *3 (7th Cir. 2007). Essentially, this means that the defendants may be joined in an action if there is "asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2)(A) and (B). In the present case, the plaintiffs allege that the defendants violated their Eighth Amendment rights as part of a series of transactions or occurrences. Although it is unclear whether the plaintiffs will ultimately be able to prove this assertion, the court has been instructed to construe such doubts in their favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Therefore, the plaintiffs may proceed with their Eighth Amendment claims.

Next, the plaintiffs seek to litigate this case as a class action lawsuit. However, the plaintiffs do not allege that they satisfy the requirements of Federal Rule of Civil Procedure 23(a). Under Rule 23(a), a plaintiff can sue as a representative of or on behalf of parties only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of

the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Because the plaintiffs have not satisfied the requirement of Rule 23(a), they can only bring their Eighth Amendment claims in their individual capacities and not on behalf of a class.

As a final matter, plaintiff Eccles has indicated that he overpaid the initial partial filing fee by $10.10 and he requests that the court refund him this amount. As discussed, Eccles was assessed an initial partial filing fee of $8.10. Review of the docket reveals that on September 20, 2007, Eccles' sister paid $10.10 to satisfy the initial partial filing fee. Subsequently, on September 24, 2007, $8.10 was withdrawn from the Eccles' prison trust account and sent to the court as payment for the filing fee.

Based on the foregoing, the court finds that plaintiff Eccles' sister paid the initial partial filing fee on his behalf. Therefore, any refund should be directed to her and not the plaintiff. If plaintiff Eccles' sister wishes for the $10.10 to be returned, she may file a written request with the court asking for a refund. However, the court will not disburse this amount to plaintiff Eccles.

In sum, the plaintiffs have stated claims that they were denied adequate medical and dental care under the Eighth Amendment. However, their class action claims will be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff Van Patten's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff Eccles' motion for leave to proceed *in forma pauperis* (Docket #3) is **GRANTED.**

**IT IS FURTHER ORDERED** the plaintiffs' class action claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff Eccles' request for a refund (Docket #6) is **DENIED.**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiffs are advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff Van Patten's prison trust account the $353.00 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income

credited to the trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff Eccles' prison trust account the $336.80 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiffs are hereby notified that they are required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiffs should also retain a personal copy of each document. If the plaintiffs do not have access to a photocopy machine, the plaintiffs may send out identical handwritten or typed copies of any documents. The court

may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiffs are further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of January, 2008.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge