UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH LEE VAN PATTEN and
JOHN ALLEN ECCLES,

      Plaintiffs,

      v.                                Case No. 07-C-0788

RANDALL WRIGHT, STEPHEN P. BURROUGHS,
CHRISTINE MARIE SKRINSKA and DR. BUTLER,

      Defendants,

---

### DECISION AND ORDER

Plaintiffs, Joseph Lee Van Patten and John Allen Eccles, filed this joint pro se civil rights action under 42 U.S.C. § 1983. Currently before me are: (1) a motion to set aside entry of default by defendants Skrinska and Butler; and (2) plaintiffs' motion for default judgment.

### I. BACKGROUND

In an order dated January 15, 2008, U.S. District Judge J.P. Stadtmueller granted plaintiffs' motions for leave to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915A(a). The court also directed the U.S. Marshals Service to serve the defendants pursuant to Federal Rule of Civil Procedure 4. On January 23, 2008, the U.S. Marshals Service sent waiver of service of summons packets to each named defendant via U.S. Mail, addressed to the Shawano County Jail . The U.S. Marshals service did not receive executed waivers from defendants Skrinska and Butler.[1] On March 11, 2008,

---

[1] The U.S. Marshals Service received executed waivers of service from defendants Randall Wright and Stephen P. Burroughs on February 25, 2008, which were docketed the

the Clerk of Court issued Summonses for defendants Skrinska and Butler.  A deputy U.S. Marshal left the summonses with an officer at the Shawano County Jail on March 19, 2008.[2]

Plaintiff Van Patten filed declarations requesting the entry of default for defendants Skrinska and Butler on April 17, 2008.  (Docket #18 and #19.)  The Clerk of Court made an entry of default as to defendants Skrinska and Butler the same day.

## II.  MOTION TO SET ASIDE ENTRY OF DEFAULT

Defendants Skrinska and Butler have moved, pursuant to Federal Rule of Civil Procedure 55(c) to set aside the court's entry of default against them.  I may set aside an entry of default for good cause shown.  Fed. R. Civ. P. 55(c).

Defendants Skrinska and Butler do not dispute that they received the waiver of service of summons packets.  Nor do they dispute that they each received the summons left for them at the Shawano County Jail.  However, neither constituted formal personal service under Federal Rule of Civil Procedure 4.  "Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4."  McMasters v. United States, 260 F.3d 814, 817 (7th Cir. 2001); see also Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, (7th Cir. 1991).  Therefore, I could not grant default judgment against defendants Skrinska and Butler because the party against whom judgment is sought must have been properly served with process, and neither Skrinska nor Butler have been personally served.

---

same day. (Docket #10.)

[2] Although the return of service forms say "Left summons at front desk at Brown Co. Jail with Off. Val Koepernick," the parties agree this is an error and the U.S. Marshal in fact left the documents with Officer Koepernick at the Shawano County Jail.

2

10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 1998). I thus find the futility of the entry of default to be good cause to set it aside.

I note, though, that defendants Skrinska and Butler have offered no reason for why they failed to respond to the waiver of service of summons packets. I remind defendants that Rule 4(d) directs me to "impose the costs subsequently incurred in effecting service on the defendants unless good cause for the failure be shown." I will ask the defendants, with that in mind, to advise me within 20 days whether they require formal service of this action. If the defendants are willing to waive formal service, an answer filed within 20 days of this order will advise me of their decision.

### III. PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Plaintiff Joseph Van Patten asked me to enter judgment against defendants Skrinska and Butler. In light of my discussion and ruling above, I will deny plaintiffs' request as moot. Additionally, I note that the plaintiffs' motion for default judgment was signed only by Joseph L. Van Patten. Filing any motion, pleading, or other paper on behalf of all plaintiffs, without first obtaining the signature of all plaintiffs, violates Fed. R. Civ. P. 11(a). See Bouribone v. Berge, 391 F.3d 852, 855 (7th Cir. 2004). Both plaintiffs must sign all future filings. Otherwise, I may strike them.

### IV. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendant's motion to set aside entry of default (Docket #22) is **GRANTED**.

3

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment (Docket #28) is **DENIED**, as **MOOT**.

**IT IS ALSO ORDERED** defendants Skrinska and Butler shall advise the court within 20 days whether they require a formal service of summons. An answer filed within the 20 day time period will indicate to me that defendants Skrinska and Butler waive formal service.

Dated at Milwaukee, Wisconsin, this 18 day of July, 2008.

/s
LYNN ADELMAN
District Judge