UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JOSEPH L. VAN PATTEN,**

    **Plaintiff,**

    v.                                                  Case No. 07-C-0788

**RANDALL WRIGHT, STEPHEN P. BORROUGHS,
CHRISTINE MARIE SKRINSKA, and DR. BUTLER,**

    **Defendants,**

### DECISION AND ORDER

    Plaintiff, Joseph Lee Van Patten, is proceeding in forma pauperis in two pro se civil rights actions pending in this district. In an order dated June 30, 2009, I denied defendants' motion to consolidate Van Patten v. Wright, et al., Case No. 07-C-0788 (E.D. Wis.), pending before me, with Van Patten v. Schmidt, et al., Case No. 07-C-0026 (E.D. Wis.), which is pending before U.S. Magistrate Judge William Callahan. Before me now is a letter plaintiff filed asking me to dismiss my June 30, 2009 decision, which I will construe as a motion for reconsideration. Also before me is plaintiff's objection to court's decision and order dated June 30, 2009 and request for extension of time.

    A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such

revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In his current motion, plaintiff asks me to dismiss my June 30, 2009, decision and order and address his motion for stay and motion for appointment of counsel before again deciding defendants' motions to consolidate. He suggests that those motions contain his reasons for not responding to defendants' motions for summary judgment. I note that plaintiff's motion for stay and motion for appointment of counsel were filed only in the case pending before Magistrate Judge Callahan, who denied both motions in a decision and order dated July 6, 2009. Nevertheless, I had reviewed plaintiff's motions and their contents prior to issuing my decision regarding defendants' motions to consolidate. Plaintiff's objection to my decision reiterates the same information regarding plaintiff's status within the Wisconsin Department of Corrections. Thus, plaintiff has presented no newly discovered evidence. Nor has plaintiff shown that my June 30, 2009 decision and order contained a manifest error of law. Therefore, I will deny plaintiff's motion for reconsideration.

Regarding his request for an extension of time, plaintiff represents that he has not previously asked for an extension of time in this case. He also suggests that defendants in this case have not objected to giving him more time to prosecute this case. The letters plaintiff references, in which he claims that defendants did not object to giving him more time were submitted only in the case pending before Magistrate Judge Callahan. They are not

2

part of the record in this case. In any event, plaintiff has had an additional three months since those letters were filed to respond to defendants' motions for summary judgment. Yet he has not filed a response. I will provide plaintiff with one final two-week extension. With this extension, plaintiff will have had nearly six full months to respond to defendants' motion for summary judgment. Therefore, if plaintiff has not filed a response to defendants' motions for summary judgment by Friday, August 14, 2009, this case will be dismissed with prejudice. **NO FURTHER EXTENSIONS WILL BE GRANTED.**

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion for reconsideration (Case No. 07-C-0788, Docket #74) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request that the court vacate its June 30, 2009 decision and order (Case No. 07-C-0788, Docket #75) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for an extension of time (Case No. 07-C-0788, Docket #75) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case (Case No. 07-C-0788) is dismissed with prejudice, effective **Friday, August 14, 2009**, unless on or before said date plaintiff responds to defendants' motions for summary judgment.

Dated at Milwaukee, Wisconsin, this 24 day of July, 2009.

/s\
LYNN ADELMAN\
District Judge