UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH L. VAN PATTEN,
        Plaintiff,

    v.                                      Case No. 07-C-0788

RANDALL WRIGHT, STEPHEN P. BORROUGHS,
CHRISTINE MARIE SKRINSKA, and DR. BUTLER,
        Defendants.

## ORDER

Having prevailed on their motion for summary judgment due to plaintiff's failure to respond, defendants Randall Wright and Stephen P. Borroughs submit a bill of costs for $249.85 under Fed. R. Civ. P. 54(d). Defendants Dr. Butler and Christine Skrinska submit a bill of costs for $574.03. Plaintiff objects citing a variety of issues, including his indigence. He claims that he is deeply indebted in an amount in excess of $30,000, currently incarcerated, and is unable to pay.

It is presumed that the prevailing party is entitled to their costs. Gardner v. Southern Railway Systems, 675 F.2d 949, 954 (7th Cir. 1982). However, the losing party may overcome the presumption by showing indigence. Rivera v. City of Chicago, 469 F.3d 631, 635-36 (7th Cir. 2006). To show indigence, the losing party must not only show he is presently unable to pay the costs, he it must also show that he is not likely to be able to pay the costs in the future. Id. Even if a litigant is indigent, the court still maintains discretion to award costs and should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case. Id. at 636.

Upon reviewing the affidavits in the matter, I conclude that taxing costs on plaintiff would be inappropriate. Plaintiff is deeply in debt and unlikely to be able to pay in the future. Furthermore, although the amount of costs are low, I find plaintiff brought and prosecuted this suit in good faith.

Therefore,

**IT IS ORDERED** that defendants' bills of costs are **DENIED**.

Dated at Milwaukee, Wisconsin this 9 day of November, 2009.

/s_____
LYNN ADELMAN
District Judge

2